**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VIRGIL SHOW,

        Plaintiff,                                   CASE NO. 08-11064
     v.                                                    HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION AND ORDER OF THE COURT**
**REJECTING REPORT AND RECOMMENDATION**
**AND REMANDING FOR ADDITIONAL PROCEEDINGS**

Plaintiff Virgil Show brings this action pursuant to 42 U.S.C. § 405(g), challenging

the final decision of the Commissioner denying his application for Supplemental Security

Income (SSI) under Title XVI of the Social Security Act.   The case was referred to

Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B).

The parties filed dispositive motions, and in his Report and Recommendation (R&R),

Magistrate Judge Binder recommended that the Plaintiff's Motion for Summary Judgment

be denied and that the Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed objections to the R&R, and Defendant filed a response.  For the

reasons stated below, the Court REJECTS  the Magistrate Judge's recommendation and

REMANDS this matter for further proceedings.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed his claim for SSI, alleging disability due to ischemic heart disease, peripheral vascular disease and arthritis.  After Plaintiff's claim was denied, he requested a hearing.  Administrative Law Judge John W. Belcher ("ALJ") presided over the March 17, 2006, hearing.  Plaintiff and a vocational expert testified.  In a decision dated October 20, 2006, the ALJ found that Show was disabled as of February 1, 2006, but not prior to that date.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 6, 2008, after reviewing additional exhibits.  Plaintiff timely filed this action for judicial review of the Commissioner's decision.

The Court incorporates the facts as articulated in the Report and Recommendation. The Court includes any specific facts upon which it relies in analyzing the parties' arguments in its discussion of the objection.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation and a party has properly filed objections to it, the district court must conduct a de novo review of those parts of the report and recommendation to which the party objects.  28 U.S.C. § 636(b)(1).  Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could

support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir.

1993).  A decision which is supported by substantial evidence is not subject to reversal,

even if the reviewing court might arrive at a different conclusion.  Mullen v. Bowen, 800

F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker,

708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the

court must take into consideration the entire record, including "whatever in the record fairly

detracts from its weight." Mullen, 800 F.2d at 545.  Where the Appeals Council declines

to review the ALJ's decision, the court's review is limited to the record and evidence before

the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993).  The court may not review the

evidence *de novo*, make determinations of credibility or weigh the evidence. Brainard, 889

F.2d at 681.  Credibility determinations by the ALJ should be accorded deference by the

reviewing court. Mullen, 800 F.2d at 545 (internal quotation omitted).

## III.  ANALYSIS

Plaintiff objects to the ALJ's evaluation of the medical evidence, and asks the Court

to remand this matter for further consideration.  Defendant contends that if an error

occurred, it was harmless, and asks the Court to review the matter de novo.  The Court

addresses the merits of the positions below.

According to Show, the ALJ failed to articulate what weight, if any, he accorded the

treating source opinions of Drs. DeFranco, Tarakji, and Almansour.  Further, the ALJ failed

to consider all of the factors delineated in 20 C.F.R. § 416.927(d)[1] when weighing those

---

[1]The provision reads in relevant part: When assessing the opinions of treating
sources: "We will always give good reasons in our notice of determination or decision

opinions, which limited Plaintiff more severely that the restrictions identified by the ALJ in

the decision denying benefits prior to February 1, 2006.   Plaintiff concludes that under

Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004), the Court must remand

this matter for further proceedings.   Accord Hall v. Comm'r of Soc. Sec., 148 Fed. Appx.

456, 457 (6th Cir. 2005) (reversing and remanding because the Commissioner had failed

to provide good reasons for the weight given a treating source's opinion).   The Court

agrees.

    The appellate panel in Wilson, 378 F.3d at 543-46, reversed and remanded a denial

of benefits despite the existence of   "substantial evidence otherwise supporting the

decision," because the ALJ neglected to articulate reasons for discounting the opinion of

the claimant's treating physician.   The regulation requires the decision to include the

reasons for the weight given to the opinion of a treating physician.

---

for the weight we give your treating source's opinion.

(i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

(ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source.

The government argues that it is clear from the ALJ's decision, which weighed the opinion of Show's other treating sources, that the ALJ would not have given weight to the opinions offered by Dr. DeFranco.  This position cannot be sustained in light of the procedural safeguards afforded to claimants.  The Commissioner must provide a statement discussing the evidence and reasons upon which the decision is based, 42 U.S.C. § 405(b)(1).[2]  Here, the ALJ did not even identify Dr. DeFranco as a treating physician. Therefore, the Court cannot conclude with any certainty that the ALJ reviewed his opinions, and the Court declines to characterize this omission as harmless error.

The ALJ failed to assess Dr. DeFranco's medical opinion in reference to the length, frequency, nature, and extent of the treatment relationship and the supportability and consistency of the physician's conclusions.  20 C.F.R. § 416.972(d); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir.  2007).  Accordingly, no "good reasons" for discounting the opinion have been provided.  Rogers, 486 F.3d at 242 (quoting SSR 96-2p).  The requirement "let[s] claimants understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied."  Rogers, 486 F.3d at 242, (quoting Wilson, 378 F.3d at 544).  It also "ensures that the ALJ applies the treating

_____

[2]Under the Social Security Act,
"[t]he Commissioner of Social Security is directed to make any findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security, which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based."  42 U.S.C. § 405(b)(1).

physician rule and permits meaningful appellate review of the ALJ's application of the rule." Rogers, 486 F.3d at 243 (quoting Wilson, 378 F.3d at 544). "[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Rogers, 486 F.3d at 243.

## IV. CONCLUSION

Under Sentence Four of 42 U .S.C. § 405(g), the Court finds remand is appropriate. Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994). For the reasons stated above, the Court **REJECTS** the Magistrate Judge's recommendation and **REMANDS** this matter to the Commissioner for further proceedings consistent with this Report and Recommendations.

**IT IS SO ORDERED.**

s/Marianne O. Battani
HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: March 25, 2009

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to counsel of record on this date by e-filing and/or ordinary mail.

s/Bernadette M. Thebolt
Deputy Clerk
